UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

STEWARD HEALTH CARE SYSTEM, LLC,
d/b/a Coral Gables Hospital, and
MPT OF CORAL GABLES-STEWARD, LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Steward Health Care System, LLC, doing business as Coral Gables Hospital, and MPT of Coral Gables-Steward, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

7. Defendant, Steward Health Care System, LLC, a foreign limited liability company authorized to operate in Florida, is the largest private operator of hospitals, and healthcare service facilities in the United States, with 33 community hospitals across nine states and over 30,000 employees. As part of its hospital system, Steward Health Care System, LLC owns and operates Coral Gables Hospital, located at 3100 Douglas Rd, Coral Gables, Florida 33134, which is the subject of this action. Throughout this document, the defendant will be referred to as "Steward Health" or "Operator.'"

8. Defendant, MPT of Coral Gables-Steward, LLC, a foreign limited liability company authorized to conduct business in Florida, which upon information and belief owns and/or operates a commercial property identified as Folio: 03-4117-005-9010, located at 3100 Douglas Rd, Coral Gables, Florida 33134, built out as a medical building, hospital, and

healthcare facility, and the subject of this action. Defendant, MPT of Coral Gables-Steward, LLC, is referenced throughout as "MPT of Coral Gables" or "Owner".

9. This Court has personal jurisdiction over Defendants, Steward Health Care System, LLC, and MPT of Coral Gables-Steward, LLC, pursuant to, *inter alia*, Florida's long arm statute F.S. § 48.193, in that Defendants: (a) operate, conduct, engage in, and/or Carrie on a business or business ventures (s) in Florida and/or have an office or agency in Florida; (b) have committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) have purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

**FACTS**

10. Defendant, "Steward Health", owns and/or operates Coral Gables Hospital, located at 3100 Douglas Rd, Coral Gables, Florida 33134, which is open to the public. As such, it qualifies as a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(F) as '[A] professional office of a health care provider, hospital," and defined in §12182, and 28 C.F.R. §36.104(6). Defendant's hospital is also referenced throughout as "Coral Gables Hospital" or "place of public accommodation".

11. Defendant, "MPT of Coral Gables" owns the commercial property built out as a medical building, which it has leased to Defendant, "Steward Health", who in turn has operated (and continues to operate) its "Coral Gables Hospital" within that leased space.

12. On or about September 12, 2024, Plaintiff personally visited the "Coral Gables Hospital" to test for compliance with the ADA/ADAAG. However, because he uses a wheelchair for mobility, Plaintiff faced unnecessary difficulties and risks when accessing the

property due to architectural barriers and ADA accessibility violations, which are detailed below.

13. Due to the access impediments Plaintiff encountered, he has been denied full and equal access to the facilities, medical services, privileges, goods, and amenities by both Defendants. Defendant, "Steward Health" the operator, and Defendant, "MPT of Coral Gables", the owner of the commercial property housing "Coral Gables Hospital".

14. As the owner and operator of the "Coral Gables Hospital", Defendant, "Steward Health", is aware of the ADA and the need to provide for equal access in all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owner/operator of the subject commercial property, use as a medical building, hospital, healthcare facility and open to the public, "MPT of Coral Gables" is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104, (6).

16. As a result of the joint and several discriminatory actions by Defendants, stemming from accessibility violations and non-compliance with the ADA, Plaintiff's ability to access and safely use the facilities has been significantly impeded. Plaintiff has suffered a loss of dignity, mental anguish, and other tangible injuries, resulting in an injury-in-fact.

17. Unless Defendants are required to remove the access barriers described below and required to change its policies and practices so that access barriers do not reoccur at Defendants' facility, Plaintiff and individuals with mobility-related disabilities will continue

to be denied full and equal access to those facility as described and will be deterred from fully using Defendants' facility.

18. Plaintiff will be deterred from returning to and fully accessing Defendants' facility, however, so long as Defendants' facility remains non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and will continue to lead, to inaccessibility at "Coral Gables Hospital".

19. Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA at "Coral Gables Hospital", including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the subject property which is open to the public and in violation of the ADA.

20. Despite the difficulties and risks encountered, Plaintiff plans to return to "Coral Gables Hospital", as he has previously visited them for medical services and/or treatment. Furthermore, Plaintiff intends to return to the hospital not only to avail himself of the medical services, privileges, and amenities available therein, but to also assure himself that the facility is in compliance with the ADA, fully accessible to, and independently usable by, individuals who use wheelchairs.

21. Plaintiff continues to desire to patronize and/or test the subject property, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

22. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether public accommodations, like

Defendants' facility, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

23. Any and all requisite notice has been provided.

24. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

26. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27. Prior to the filing of this lawsuit, Plaintiff personally visited "Coral Gables Hospital" to test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual

who utilizes a wheelchair for mobility, Plaintiff met barriers to access the goods and services offered at the subject property. Therefore, Plaintiff has suffered an injury in fact.

28. Defendants, have discriminated against the individual Plaintiff by denying him access to, full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations at the subject property, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.*, by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

29. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. Defendant, "MPT of Coral Gables", owner of the commercial property, which houses "Coral Gables Hospital", are in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and all Defendants, Defendant, Steward Health (operator) and Defendant, "MPT of Coral Gables" (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Gonzalez v. Steward Health Care System**
**Complaint for Injunctive Relive**

**Parking Lot & Accessible Route by Emergency Department**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white. Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measure from the centerline of the white lines.

iv. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

**Parking Lot & Accessible Route by Main Entrance**

v. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white. Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space

    between the blue and white line is 2" and the access aisle is measured from the centerline of the white lines.

viii. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, Violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

ix. The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Parking Lot & Accessible Route by Rehabilitation Services**

x. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

32. Pursuant to the ADA, 42 U.S.C. §12101 *et seq*, and 28 C.F.R. §36.304, Defendants have been required to make its Commercial Property, medical building, hospital, and healthcare facility accessible to persons with disabilities since January 28, 1992, and Defendants have failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendants to alter its Commercial Property, medical building, hospital, and healthcare facility such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

Gonzalez v. Steward Health Care System
Complaint for Injunctive Relive

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Steward Health Care System, LLC, d/b/a Coral Gables Hospital, and MPT of Coral Gables-Steward, LLC, and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property (medical building, hospital, and healthcare facility), located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on October 21, 2024.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*